IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BOWMAN CONSTRUCTION COMPANY, ) <br>  ) <br>  ) <br> **Plaintiff,** ) <br>  ) <br> v. ) <br>  ) <br> UNITED STATES, ) <br>  ) <br> **Defendant.** ) | No. 18-1822C <br> (Senior Judge Williams) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to RCFC 12(b)(1), defendant, the United States, respectfully submits this motion to dismiss this action for lack of subject-matter jurisdiction. On November 28, 2018, plaintiff, Bowman Construction Company (Bowman), filed a four-count complaint alleging various deficiencies in the Government's administration of Bowman's contract with the United States. In Count I, Bowman alleges various monetary claims over which this Court lacks subject-matter jurisdiction. In Count II, Bowman contends that the final and conclusive termination for default constituted a breach of contract. In Count III, Bowman alleges a breach of the covenant of good faith and fair dealing. In Count IV, Bowman seeks a declaration that the final and conclusive termination for default was improper and should be converted into a termination for convenience pursuant to Federal Acquisition Regulation (FAR) 52.249-02. As we demonstrate below, this Court lacks subject-matter jurisdiction over the entirety of the complaint.

## STATEMENT OF THE ISSUES

1. For this Court to have jurisdiction over a contractor's challenge to a termination for default, the contractor must file suit in this Court within one year from the date of the contracting officer's final decision. In this case, plaintiff was terminated on October 15, 2012. Plaintiff filed suit in this Court

more than six years after it had received the termination notice. Does this Court lack jurisdiction to entertain Bowman's challenge to the default termination?

2.      Bowman seeks monetary relief in its complaint, including a money judgment in the amount of $732,743.58. To date, Bowman has failed to submit a termination for convenience settlement proposal to the contracting officer. Even assuming, for argument's sake, that Bowman's challenge to the default termination were not time-barred, would this Court still lack jurisdiction to award Bowman any monetary relief whatsoever?

## STATEMENT OF THE CASE

### I.      Nature Of The Case

This case involves a contract between the Government acting through the Department of the Interior, National Park Service (NPS), and Bowman for the construction of an off-road bicycle trail in the Voyageurs National Park. Bowman began work in late 2011. Based on issues that arose during the course of construction, the Government terminated Bowman for default on October 15, 2012. Bowman failed to appeal the Government's affirmative default termination claim within one year. *See* 41 U.S.C. § 7104(b)(3). Nonetheless, more than five years later, on October 17, 2017, Bowman submitted its own, ostensibly affirmative, "claim" to the contracting officer, purportedly challenging the, by then, longstanding final and conclusive default termination, as well as seeking alleged monetary damages that were foreclosed, as a matter of law, by the same longstanding, final and conclusive contracting officer's final decision to terminate Bowman's contract for default. In its meaningless so-called "claim," Bowman failed to provide any request for time extensions or a delay analysis. Indeed, to this day, Bowman has never submitted a termination for convenience settlement proposal to the contracting officer. Following the agency's action on its untimely "claim,"

Bowman filed suit in this Court, improperly seeking monetary relief that it knows, or should know, is wholly unavailable under its contract and the Contract Disputes Act (CDA).

## II. Statement Of Facts

On October 14, 2011, NPS awarded contract No. P11PC60388 (contract) to Bowman for the construction of a bicycle trail in the Voyageur National Park. Compl. ¶ 19. Bowman received the notice to proceed on October 24, 2011. Compl. ¶ 30. In its complaint, Bowman alleges a variety of issues with the Government's administration of the contract. Compl. ¶¶ 12-56. On October 15, 2012, NPS terminated Bowman for default. Comp. ¶ 53; App. 1. On April 1, 2014, NPS and Bowman's surety, Old Republic, entered into an agreement settling Old Republic's obligations under its payment bond. App 4. In lieu of completing or procuring the contract, Old Republic entered into a financial settlement. *Id.* Old Republic agreed to pay the Government $754,600 to discharge its obligations to the Government. In addition to assigning the remaining contract balance, $437,946.01, Old Republic paid out of pocket the sum of $316,653.99. App 7. On September 9, 2014, Old Republic filed suit against Bowman for the amount of its out of pocket costs. App. 11 On June 1, 2015, Bowman confessed judgment agreeing to pay Old Republic the out of pocket costs the surety incurred. App. 9. On October 17, 2017, Bowman submitted a claim to the contracting officer challenging the termination as well as seeking monetary damages. App. 14. The Government declined to address the merits of Bowman's so-called "claim," contending that it viewed Bowman's claim as an untimely challenge to the termination which had been issued more than five years earlier in October 2012. Compl. ¶¶ 63-72; App 25. On November 28, 2018, Bowman filed this action.

**ARGUMENT**

I. **Legal Standards**

In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the Court presumes all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).  But where, as here, the movant challenges specific jurisdictional facts set forth in the complaint, the Court may consider all relevant evidence (including matters not raised in the pleadings) and make any factual findings necessary to resolve the issue of jurisdiction.  *See, e.g., Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985); *Maniere v. United States*, 31 Fed. Cl. 410, 413 (1994). Where the underlying jurisdictional facts are challenged, plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence.  *See, e.g., Cubic Def. Sys. Inc. v. United States*, 45 Fed. Cl. 239, 245 (1999).

Thus, for this Court to have jurisdiction over any of the counts in the complaint, Bowman has the burden to demonstrate that it has satisfied all of the jurisdictional requirements to properly invoke this Court's limited jurisdiction.  Based upon its complaint, Bowman cannot meet its burden.  Accordingly, its complaint should be dismissed.

II. **The Court Lacks Subject-Matter Jurisdiction To Entertain Bowman's Untimely Challenge To The Default Termination**

Although Bowman has filed a four-count complaint, this Court's resolution of our motion to dismiss Count II in the Government's favor deprives this Court of jurisdiction over the other three counts.

In Count II Bowman alleges that its termination for default was improper and a breach of

contract.  Bowman's entire complaint reflects a fundamental misunderstanding of Government contracts law, specifically the Contract Disputes Act, or CDA.  Bowman seems not to understand that a termination for default is an affirmative Government claim on which the United States bears the burden of proof.  *See, e.g., Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 764 (Fed. Cir. 1987).  As such, Bowman was required to appeal the October 15, 2012 final contracting officer's decision terminating its contract for default within one year.[1]  The plain statutory language of the Contract Disputes Act could not be clearer:

> Contractor's right of appeal from decision by contracting officer
>
> **(a) Appeal to Agency Board.—**
> A contractor, within 90 days from the date of receipt of a contracting officer's decision under section 7103 of this title, may appeal the decision to an agency board as provided in section 7105 of this title.
>
> **(b) Bringing an Action De Novo in Federal Court.—**
>
> **(1) In General.—**
> . . . [I]n lieu of appealing the decision of a contracting officer under section 7103 of this title to an agency board, a contract may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.
>
> . . .
>
> **(3)Time for Filing.--**
>
> A contractor shall file any action under paragraph (1) . . . within 12 months form the date of receipt of a contracting

---

[1] For example, Bowman's confusion about the nature of the Government's default termination claim is apparent in its reply in support of its sanctions motion (EFC No. 37), in which Bowman asserts that "contactors have six years from the accrual of their claim to submit a claim, in writing, to the Contracting Officer ('CO')."  ECF No. 37 at 8.  Bowman appears not to understand that the counts in its complaint comprise untimely defenses to an affirmative Government claim, *not* timely affirmative contractor claims.  *See, e.g., Securiforce Int'l Am., Inc. v. United States*, 879 F.3d 1354, 1363 (Fed. Cir. 2018).

officer's decision under section 7103 of this title.

41 U.S.C. § 7104.  By failing to appeal the contracting officer's final decision terminating its contract for default within the statutory timeframes, Bowman forfeited its right to challenge the termination long ago.  Because the termination for default has been final, conclusive, and unappealable for more than six years, Bowman cannot challenge it at this very late date.  *See* 41 U.S.C. § 7103(g) ("The contracting officer's decision on a claim is final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency, *unless an appeal or action is timely commenced as authorized by this chapter*.")  (emphasis added).

Bowman was terminated on October 15, 2012.  Thus, consistent with the CDA, Bowman had to appeal to this Court by October 15, 2013.  Bowman did not appeal until November 28, 2018, over six years after the termination.[2]  Failure to timely appeal is jurisdictional.

As this Court has reasoned in a factually similar case:

> The Government's case for dismissal of plaintiff's challenge to the default termination is straightforward: section 10(a)(3) of the Contract Disputes Act, 41 U.S.C. § 609(a)(3) (now codified at 41 U.S.C. § 7104(b)(3)), allows a contractor a period of twelve months, measured from the date of receipt of the contracting officer's final decision on a claim, in which to bring an action on the claim in this court.

*K & S Const. v. United States* 35 Fed. Cl. 270, 273.  In its complaint, Bowman wholly ignores the plain and unambiguous statutory text of the CDA.  *See* Compl. ¶¶ 57-73.

We could have, and, in retrospect, perhaps should have, brought this motion to dismiss in lieu of filing an answer.  But, out of an abundance of caution, we proceeded with discovery to

---

[2] Bowman did however submit a claim to the contracting officer in 2017, challenging among other things, the termination.  The termination notice constitutes a final decision.  Consequently, there was no need to submit a separate claim challenging the termination.  *See* FAR  49.902-3(g)(7).

6

satisfy ourselves that Bowman would not be contending that it was prejudiced by a possibly defective notification of its appeal rights.  Having conducted discovery, we can now represent to the Court that Bowman is making, and can make, no such allegation, and that there is no cognizable basis on which this Court may exercise jurisdiction to entertain Bowman's plainly untimely action in this Court.  As this Court is aware, "[s]ubject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*."  *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing *Fanning, Phillips & Molnar v. West,* 160 F.3d 717, 720 (Fed. Cir. 1998)).

The termination decision in this case did not explicitly notify Bowman that it had one year to appeal the default termination in this Court.  The last paragraph of the termination notice read in full:  "This notice constitutes a decision that the contractor is in default as specified that the contractor has the right to appeal under the disputes clause 52.249-10."  Appx 3.  FAR 49.402-3, titled "Procedure for default" sets forth the procedures that the Government follows when issuing a termination notice.  Subparagraph (g)(7) of that paragraph reads:

> (g) If, after compliance with the procedures in paragraphs (a) through (f) of this 49.402-3, the contracting officer determines that a termination for default is proper, the contracting officer shall issue a notice of termination stating-
>
> (7) That the notice constitutes a decision that the contractor is in default as specified and that the contractor has the right to appeal such decision under the disputes clause.

The termination notice at issue here was not defective because it followed the requirements of the FAR.  Although the notice did not explicitly inform Bowman that it had to appeal within one year, Bowman was on notice that it had appeal rights.  And Bowman was charged with notice of the plain and unambiguous timing requirements of the CDA.

Despite numerous opportunities to explain its failure to timely appeal the termination, Bowman has yet to articulate any reason why it failed to comply with the requirements of the CDA.  At his deposition, Mr. Bowman when asked what he did after he received the termination notice, replied that he provided the termination decision to Bowman's attorney.  App. 28.  Other than turning over the notice, Bowman took no action to timely appeal.  Moreover, neither Bowman nor the surety ever appealed the termination to this Court within the statutory timeframe.  In 2014, Bowman's surety entered into an agreement where it assigned the contract balance and paid monies out of pocket to settle the case between the surety and the Government. On June 1, 2015, Bowman confessed judgment to the surety in the amount that the surety paid out of pocket.  Such actions belie any suggestion that Bowman was concerned about the effect of the termination upon his business prior to late 2017.  The actions also strongly suggest that Bowman agreed with the termination prior to submitting its so-called "claim" to the contracting officer in 2017.  By that late date, the contracting officer's termination decision already had been final, conclusive, and unappealable for five years.

In Plaintiff's Reply in Support of Motion for Sanctions Pursuant to RCFC 37(c) (ECF No. 37), Bowman insisted that its action is timely, but it failed to articulate any legally cognizable basis for its baseless contention.  *See* ECF No. 37 at 3-9 (erroneously implying that admittedly extrajudicial "ongoing" "challenges" somehow supersede the jurisdictional prerequisites of the CDA). Interestingly, in its reply, Bowman did not allege that it had received defective notice of its appeal rights.  *See generally id.*  But, to the extent, if any, that Bowman will contend now that the appeal period never started because the notice was defective, that assertion would be contrary to controlling precedent.  As the Court of Appeals for the Federal Circuit has explained, this Court and the boards of contract appeals require "contractors seeking

8

to avoid an otherwise proper time bar on the basis of a defect in the notice of appeal rights to demonstrate detrimental reliance." *Decker & Co. v. West*, 76 F.3d 1573, 1579 (Fed. Cir. 1996) ("in *Philadelphia Regent Builders, Inc. v. United States*, 634 F.2d 569, [572-73 (Ct. Cl. 1980)], our predecessor, the Court of Claims, held that various minor or technical defects in a default termination notice did not invalidate the termination, finding that the contractor had not demonstrated that it had relied to its detriment on those defects."). Thus, Bowman would have to show prejudice before it could escape from the consequences of its failure to timely appeal. At his deposition, Mr. Bowman failed to make any assertion that he was misled by the notice in this case. App. 28.

Therefore, even assuming, for argument's sake, that the notice were defective, which it was not, Bowman still would be unable to demonstrate detrimental reliance or prejudice. Accordingly, a prudent contractor, desiring to overcome the harshness of the termination, would have sought out its appeal rights. Bowman never did. Bowman cannot now claim that its failure to timely appeal prevented the appeal clock from running. This Court lacks jurisdiction over the appeal. As a result, the termination for default stands, as it has for over six years.

### III. The Longstanding Final And Conclusive Default Termination Requires Dismissal Of The Remaining Counts Of The Complaint

In its reply in support of its sanctions motion, Bowman wrongly asserts that "[i]nherent in the Government's claim that only one of the three counts or causes of action Bowman asserted here is untimely [] is the Government's concession that Bowman's other two counts were timely filed." ECF No. 37 at 7. This curious statement, again, reflects Bowman's fundamental misunderstanding of the law of Government contracts.

Because the default termination has been final and conclusive as a matter of law for more than six years, Bowman's monetary recovery is limited to payment for work completed and invoiced prior to the termination. "Under a termination for default the Government is not liable for the contractor's costs on undelivered work . . . ." FAR 49-402-2(a). *See also J.G. Enters, Inc*., ASBCA 27150 83-2 BCA ¶ 16,808 ("Under a construction contract terminated for default, the contractor is entitled to payment for value of work in place it performed at the time of the termination.") *Accord Century Marine Inc. v. United States*, 153 F.3d 225, 230 (5th Cir. 1998). These are the terms of the contract to which Bowman agreed when it accepted the contract award. Bowman is bound by the terms of its bargain.

Count I alleges certain monetary claims. In paragraph 71 of the complaint, Bowman states that it submitted a total of five invoices totaling $877,477. In paragraph 81 Bowman admits that it received payment for all but $89,054 of those five invoices. Although it is true that the Government withheld that amount from the payment for invoice 5, that withholding was retained because the Government determined that Bowman had not completed certain items it had invoiced for in pay application 5. App. 30. Consequently, the Government has paid Bowman for all completed work.

Similarly, in Count III, Bowman alleges a breach of the implied covenant of good faith and fair dealing. A contractor may not use the six-year Tucker Act statute of limitations for a breach of the covenant of good faith and fair dealing claim to evade the one-year statute of limitation for challenging default terminations under the CDA. Bowman can cite no authority countenancing its brazen attempted circumvention of the CDA.

The good faith and fair dealing claim would be reviewed under the CDA. *See, e.g., Keeter Trading Co., Inc. v. United States*, 79 Fed. Cl. 243, 251 (2007) ("Plaintiff also asks the

10

court to review the CO's decision to deny each of its certified claims, particularly those which alleged a breach of contract and bad faith by the government. The court must also review these claims *de novo*.) (citing 41 U.S.C. § 609(a)(3), now 41 U.S.C. § 7104(b)(4)). The effect of Bowman's failure to appeal the default termination was to render it final, conclusive, and unappealable. The default termination here was a "drastic sanction which should be imposed (or sustained) only for good grounds and on solid evidence." *Lisbon Contractors*, 828 F.2d at 765. As a matter of law, the Government's default termination is based on good grounds and solid evidence. It is far too late now for Bowman to attempt to attack the default termination collaterally via a good faith and fair dealing claim. The Court lacks jurisdiction over all counts of the complaint because all counts pertain to the final and conclusive default termination of Bowman's contract.

IV.   **Even Assuming That Bowman's Claims Were Timely, This Court Still Would Lack Jurisdiction To Grant Bowman Any Monetary Relief**

Finally, even assuming, for argument's sake, that Bowman's challenge to the default termination were not time-barred, the Court still would lack jurisdiction to award Bowman any monetary relief as presently requested given Bowman's failure to present a termination for convenience claim to the contracting officer. At most, the Court would convert the termination for default to a termination for convenience, and Bowman's recovery would be determined by the terms of the contract that it signed—that is, via a claim to the contracting officer. *See, e.g., Best Foam Fabricators, Inc. v. United States,* 38 Fed. Cl. 627, 638 (1997) (stating that "the rule has been established that if the contract contains a termination for convenience clause and the contracting officer could have invoked the clause instead of terminating, rescinding or repudiating the contract on some other invalid basis, the court will constructively invoke the

11

clause to retroactively justify the government's actions, avoid breach and limit liability").

This rule is well established. As the Court of Claims explained:

> The rule we have followed is that, where the contract embodies a convenience-termination provision as this one would, a Government directive to end performance of the work will not be considered a breach but rather a convenience termination—if it could lawfully come under that clause—even though the contracting officer wrongly calls it a cancellation, mistakenly deems the contract illegal, or erroneously thinks that he can terminate the work on some other ground.

*G.C. Casebolt Co. v. United States*, 421 F.2d 710, 712 (Ct. Cl. 1970) (citing *John Reiner & Co. v. United States*. 325 F.2d 438 (Ct. Cl. 1963)) (other citations omitted). Here, Bowman's contract likewise contained a termination for convenience clause. Had Bowman timely challenged the default termination, and had the Government failed to justify the default termination, then the default termination would have been converted to a termination for convenience so as to avoid a breach. Bowman's contract prescribes the terms of its monetary recovery under a termination for convenience. Again, these are the terms of the contract to which Bowman agreed.

To be clear, a termination for convenience claim would be a contractor claim on which Bowman would bear the burden of proof. But Bowman has yet to submit a termination for convenience settlement proposal to the contracting officer. There is no contracting officer's final decision for the Court to review regarding what monetary sums, if any, to which Bowman could be entitled. The Court has no jurisdiction over Bowman's yet-to-be submitted termination for convenience claim. Accordingly, even assuming, for argument's sake, that Bowman's action were not time-barred, the Court still could not award Bowman any monetary relief until Bowman satisfied the rudimentary requirements of the CDA.

## **CONCLUSION**

For these reasons, we respectfully request that the Court grant our motion to dismiss and dismiss this action for lack of subject-matter jurisdiction.

    Respectively submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    ROBERT E. KIRSCHMAN, JR.
    Director

    /s/Patricia M. McCarthy
    PATRICIA M. McCARTHY
    Assistant Director

Of Counsel
ALEXANDER FICHTEL
Department of the Interior

/s/Michael D. Austin
MICHAEL D. AUSTIN
Trial Attorney
Commercial Litigation Branch
Department of Justice
PO Box 480
Ben Franklin Station
Washington, D.C. 20530
(202) 616-0321
(202) 305-7644 (fax)

March 16, 2020

Attorneys for Defendant